## CLEVELAND (City), Plaintiff-Appellee, v. DUNCAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22278. Decided November 13, 1951.

Bernard J. Conway, Jos. Stearns, Asst. Directors of Law, Cleveland, for plaintiff-appellee.

Jones, Day, Cockley & Reavis, Victor De Marco, Cleveland, for defendant-appellant.

**OPINION**

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment entered by the Municipal Court of Cleveland, finding the defendant guilty of violating the provisions of Section 2425-2 of the Municipal Code of the City of Cleveland, as amended December 7, 1949. Said amended ordinance provides in part:

"Section 2: That the Municipal Code of Cleveland of 1924 be and the same is hereby supplemented by enacting new Sections 2425-2 and 2425-7, both inclusive, to read respectively as follows: Section 2425-2. Maximum Axle Load; Maximum Wheel Load; Weight of Vehicle and Load. No vehicle, trackless trolley, load, object, or structure, shall be operated or

moved upon the improved public highways and streets, bridges or culverts **within this state**, having a maximum axle load greater than sixteen thousand pounds when such vehicle is equipped with solid rubber tires, or greater than nineteen thousand pounds, when such vehicle is equipped with pneumatic tires * * *." (Emphasis ours.)

A portion of the Ordinance, now known as Sec. 2425-2 (supra) before it was amended, provided:

"No vehicle, trackless trolley, load, object or structure shall be operated or moved upon the improved highways and streets, bridges or culverts **within this city** having a maximum axle load * * *." (Emphasis ours.)

It will be noted that the portion of the amended ordinance as quoted above, if taken literally, provides for controlling the weight of vehicles using the roads, etc, "within this state."

It is the claim of the defendant that the ordinance is unconstitutional, void, and of no legal effect, because of the attempt of the city council of the City of Cleveland to impose weight restrictions upon vehicles using the roads and highways not only within the limits of the City of Cleveland, but also upon all the roads and highways in the State of Ohio, outside the city limits.

An examination of §7248-1 GC, shows clearly that the city council, in amending the Municipal Code by adding Sec. 2425-2 dealing with the subject of weight limitations of vehicles using the highways of the city, was attempting to follow the state law dealing with like regulations throughout the state, and in so doing inadvertently copied the words "within the state" as found in §7248-1 GC, when it should have substituted in place of the words "within this state" the words "within the City of Cleveland."

The inability, for want of legislative power, of the city council of the City of Cleveland to pass police regulations affecting territory outside the City limits, is so well known to every member of the city council that an ordinance which, by its provisions, attempts to do so, must be attributable to a clerical mistake. It is obvious from a reading of the ordinance in question, and considering the title, preamble, context and provisions thereof, that the city council of the City of Cleveland intended to legislate upon the subject of the weight of vehicles using the streets and highways within the limits of the City of Cleveland, and were not concerned with respect to highways outside the city limits.

Where an ordinance is enacted, as provided by law, by a city council, dealing with a subject coming within its jurisdiction, such ordinance is not invalid or unconstitutional insofar

as it seeks to regulate conduct within the city limits, because its terms would seem to apply to territory outside as well as within the limits of such city. Of course, the provisions of the ordinance cannot be given extra-territorial effect, but one who violates its provisions within the city may be held amenable to its provisions. In the chapter dealing with the subject of Municipal Corporations, Vol. 37 American Jurisprudence, page 917, parag. 284, the rule is stated as follows:

"Territorial Extent: Exercise outside Corporate Limits: In accordance with general principles as to the non-extra-territorial operation of municipal powers, the police power jurisdiction of municipal corporations, in the absence of express provisions of statute to the contrary, is limited by the territorial boundaries of the municipalities. A police ordinance consequently cannot prohibit the doing of an act outside such boundaries. It has been held, however, that an ordinance even though it is not limited by its terms to the territory of the municipality, is valid and enforceable within the territorial limits of such municipality."

In the case of **Wickens v. Dunn (1942), 71 Oh Ap 177,** a similar question was considered. There, a Federal agency was misnamed in an ordinance. The syllabus provided:

"Where the title of an act of the legislature and in the context of the act, it is shown beyond doubt that the agreement referred to therein is one with the agency of the federal government engaged in the distribution of surplus commodities, including foods, and such agreement is described therein as one made with 'Federal Surplus Commodities Corporation' which was the name under which said agency once operated, whereas, in fact, the agency at the time of the legislation was operating under the name of the 'Surplus Marketing Administration', a court is authorized to regard such use of the wrong name as an error or mistake and to interpret the statute so as to carry out the clear purpose and manifest intent of the legislature, where not to do so would render said legislation meaningless and impossible of execution."

We must conclude, therefore, that the defendant's contentions are not well taken, and the judgment is affirmed. Exceptions. Order see journal.

HURD, J, THOMPSON, J, concur.